UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO GUIDA FERREIRA,

       Petitioner,

v.                                                    Case No.:  2:26-cv-01104-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Orlando Guida Ferreira's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Guida Ferreira is a native of Cuba who was admitted into the United States as a lawful permanent resident on October 6, 1988.  In 1993, he was convicted of armed burglary, grand theft, and criminal mischief.  An immigration judge ordered Guida Ferreira removed to Cuba on September 28, 1994.  On February 8, 1996, Guida Ferreira was released on an order of supervision.  In May 2009, he pled guilty to the sale or transportation of dangerous drugs and was sentenced to probation.  That probation was revoked, and Guida Ferreira was sentenced to 5 years in prison.  Immigration and Customs Enforcement ("ICE") placed Guida Ferreira on another order of supervision on December 2, 2013.

On December 26, 2025, local law enforcement arrested Guida Ferreira for possession of a controlled substance and turned him over to ICE. He is currently detained at Alligator Alcatraz. Guida Ferreira challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus

an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Guida Ferreira's petition is premature because his current detention has not exceeded 180 days.  They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained.  That assumption is inconsistent with *Zadvydas.*  It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Guida Ferreira has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  The

government was unable to remove him in 1996 and 2016, and no change in circumstances makes removal more likely now. The burden thus shifts to the respondents. The respondents claim they are considering third-country removal, but they have taken no steps towards removal, nor do they demonstrate third-country removal is likely to happen soon. The Court finds no significant likelihood Guida Ferreira will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Guida Ferreira's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Orlando Guida Ferreira's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Guida Ferreira poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Guida Ferreira may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record